IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

CAROLYN PRIMM, )
   Plaintiff. )
) Case no. 3:15-CV-00230
VS. )
) JURY TRIAL DEMANDED UNDER RULE 38
TENNESSEE DEPARTMENT OF CORRECTION) FED.R.CIV.P.
DERRICK SCHOFIELD,JASON WOODALL, )
TONY PARKER,REBECCA HUNTER,LISA )
PATTON,CRAIG RAYMER,**CONNIE** JOHNSON)
J.R.MILLER,RENNEE CLADWELL,DEBBIE )
INGLIS,VIRGINIA LEWIS,BARBARA )
CLARK,BLAND JUSTIS,JAMES HAMILTON,)
JOHN DRUMMOND,STEVE DARNELL,MARION)
WALL,AND KIM SUMMERS, )
   Defendants. )

## AMENDED COMPLAINT

"MAY IT PLEASE THE COURT"

### INTRODUCTION

This is a Civil Rights Action filed by Plaintiff Carolyn Primm,Pro-se a layman at law,for damages and injunctive relief against the Tennessee Department of Correction for a Title VII Race and Gender Discrimination violation pursuant to 42 U.S.C.§§ 1981.and violation of Tilte VII of the Civil Rights Act of 1964.

Plaintiff Primm,also bring this civil rights actions for damages and injunctive relief against the defendants Schofield,Woodall,Parker, Hunter,Patton,Raymer,Johnson,Miller,Cladwell,Inglis,Lewis,Clark,Justis, Hamilton,Drummond,Darnell,Wall,Summers,in their individual capacity under 42 U.S.C.§§ 1983 for Denying Ms.Primm,the Equal Protection of the law and Due Process of law.In violation of the Fourteenth Amendment to the Federal Constitution.

### JURISDICTION

1.This action is brought pursuant to 42 U.S.C.§§ 1981,and 42 U.S.C. §§ 1983 as well as Title VII of the Civil Rights Act of 1964,to redress the deprivation of Equal Protection of the Law and Due Process in violation of the Fourteenth Amendment of the United States Constitution.

Jurisdiction of the Court is found upon 28 U.S.C.§§ 1331 and 1334(3)(4) this Court also has jurisdiction of the Plaintiff's state law claim under 28 U.S.C.§§ 1367 for Vicarious liability against TDOC for the negligence of its employees.

1

## PARTIES

2. Plaintiff Carolyn Primm, is a citizen of the United States of America, she can be contacted at 919 Tal Lane, Lavergne, Tn. 37086.

## DEFENDANTS

3. The Tennessee Department of Correction is a government agency, of the State of Tennessee, and Derrick Schofield, is the Commissioner for (TDOC), he sued in his individual and official capacities, because he was at all time herein directly and personally responsible for the acts involving violation of Ms. Primm constitutional rights. He can be contacted at TDOC 6th Floor Rachel Jackson Bldg. 320 Sixth Ave. North Nashville, Tn. 37243.

4. Defendant Jason Woodall, is the Deputy Commissioner for (TDOC) he sued in his individual and official capacities, because he was at all time herein directly and personally responsible for the acts involving violation of Ms. Primm constitutional rights. He can be contacted at TDOC 6th Floor Rachel Jackson Bldg. 320 Sixth Ave. North Nashville, Tn. 37243.

5. Defendant Tony Parker, is the Assistant Commissioner for (TDOC) he sued in his individual and offcial capacities, because he was at all time herein directly and personally responsible for the acts involving violation of Ms. Primm constitutional rights. He can be contacted at TDOC 6th Floor Rachel Jackson Bldg. 320 Sixth Ave. North Nashville, Tn. 37243.

6. Defendants Craig Raymer and Connie Johnson, are commissioner designees, they are sued in their individual and official capacities, because they was at all time herein directly and personally responsible for the acts involving violation of Ms. Primm constitutional rights. They can be contacted at TDOC 6th Floor Rachel Jackson Bldg 320 Sixth Ave. North Nashville, Tn. 37243.

7. Defendant J.R. Miller is the correctional administrator for (TDOC), he sued in his individual and official capacities, because he was at all time herein directly and personally responsible for the acts involving violation of Ms. Primm constitutional rights. He can be contacted at TDOC 6th Floor Rachel Jackson Bldg. 320 Sixth Ave. North Nashville, Tn. 37243.

8. Defendant Rebecca Hunter, is the Human Resource Commissioner, she sued in her individual and official capacities, because she was at all time herein directly and personally responsible for the acts involving violation of Ms. Primm constitutional rights. She can be contacted at **312 Rosa L. Parks Ave. 8th Floor Williams R. Snodgrass Tower** Nashville, Tn. 37243.

9. Defendant Lisa Patton is the Human Resource Director she sued in her individual and official capacities, because she was at all time herein directly and personally responsible for the acts involving violation of Ms. primm constitutional rights. She can be contacted at 312 Rosa L. Parks Ave. 8th Floor Williams R Snodgrass Tower Nashville Tn. 37243.

10. Defendant Debbie Inglis, is the General Counsel for the TDOC, she sued in her individual and official capacities, because she was at all time herein directly and personally responsible for the acts involving violation of Ms. Primm constitutional rights. She can be contacted at TDOC, 6th Floor Rachel Jackson Bldg. 320 Sixth Ave. North Nashville, Tn. 37243.

11. Defendant Virginia Lewis was the warden at the Tennessee Prison for Women (TPW), she sued in her individual and official capacities, because she was at all time herein directly and personally responsible for the acts involving violation of Ms. Primm constitutional rights. She can be contacted and service at TDOC, 6th Floor Rachel Jackson Bldg. 320 Sixth Ave. North Nashville, Tn. 37243.

12. Defendants Reneee Cladwell, is the department Human Resource at Tennessee Prison for Women (TPW), she sued in her individual and official capacities, because she was at all time herein directly and personally responsible for the acts involving violation of Ms. Primm constitutional rights. She can be contacted at 3881 Stewarts Lane Nashville, Tn. 37243.

13. Defendant Steve Darnell, is a Administrative Law Judge (ALJ), he sued in his individual and official capacities, because he was at all time herein directly and personally responsible for the acts involving violation of Ms. Primm constitutional rights. He can be contacted at 312 Rosa L. Parks Ave. 8th Floor Williams R Snodgrass Tower Nashville, Tn. 37243

14. Defendant Marion Wall, is a Administrative Law Judge (ALJ), he sued in his individual and official capacities, because he was at all time herein directly and personally responsible for the acts involving violation of Ms. Primm constitutional right. He can be contacted at 312 Rosa L. Parks Ave. 8th Floor Williams R Snodgrass Tower Nashville, Tn. 37243.

15. Defendant Kim Summers, is a Administrative Law Judge (ALJ), she sued in her individual and official capacities, because she was at all time herein directly and personally responsible for the acts involving violation of Ms. Primm constitutional rights. She can be contacted at 312 Rosa L. Parks Ave. 8th Floor Williams R. Snodgrass Tower Nashville, Tn. 37243.

16. Defendant Barbara Clark is the Board of Appeal Chairperson, she sued in her individual and official capacities, because she was at all time herein directly and personally responsible for the acts involving violation of Ms. Primm constitutional rights. She can be contacted at 312 Rosa L. Parks Ave. 8th Floor Williams R Snodgrass Tower Nashville, Tn. 37243.

17. Defendant Bland Justis, is a Board of Appeal member, he sued in his individual and official capacities, because he was at all time herein directly and personally responsible for the acts involving violation of Ms. Primm constitutional rights. He can be contacted at 312 Rosa L. Parks Ave. 8th Floor Williams R Snodgrass Tower Nashville Tn. 37243.

18. Defendant James Hamilton is a Board of Appeal member, he sued in his individual and official capacities. he can be contacted at 312 Rosa L. Parks Ave. 8th Floor Williams R Snodgrass Tower Nashville Tn. 37243

3

19. Defendant John Drummond is the Attorney that represented TDOC IN THE STEP III APPEAL, he sued in his individual and official capacities because he was at all time herein directly and personally responsible for the acts involving violation of Ms.Primm constitutional rights. He can be contacted at TDOC 6th Floor Rachel Jackson Bldg.320 Sixth Ave.North Nashville,Tn.37243.

20. In doing all of the acts and omissions as alleged further herein each defendants named in this lawsuit were and are acting and continues to act under color of state law,custom,usage,and by virtue of the authority vested in each of them by the constitutions and laws of the State of Tennessee and United States.Thereby the defendants knew or should have known if they violated Ms.primm established federal constitutional rights to Due Process and Equal Protection of the Law protected under the Fourteenth Amendment of the United States Constitution they are not entitled to assert the defense of any immunities.

## FACTUAL ALLEGATIONS

21. Plaintiff Carolyn Primm,is an African American female,was employed with the defendant Tennessee Department of Correction (TDOC) for 29 years until she was terminated from her position as a correctional sergeant at the Tennessee Prison for Women(TPW) on July 16,2013,by the Defendants based on her race and gender.Due to discriminatory employment practice.by the defendants.

22. On June 24th,2013,the plaintiff was arrested and charged with aggravated assault for the alleged incident occurred on June 21,2013, between her and Natasha Prince over Ms. Betty Gore house who are Ms.Prince grandmother.in which Ms.Prince had filed false charges against plaintiff out of retaliation.

23. The next day after being released on bond the plaintiff returned to work at the TPW and forthwith informed defendant Warden Lewis,that she had been arrested.and Warden Lewis told plaintiff she was placing her on administrative leave.

24. On or around June 29,2013,the plaintiff received a certified pre-termination letter from defendant Warden Lewis,the letter put her on notice that a hearing would be held at the TPW on July 16,2013. (see copy of letter attached thereto the original complaint as EXHIBIT-C)

25. On July 16,2013,the plaintiff appeared at the pre-termination hearing with her witnesses Ms.Betty Gore and Mr.Pinky in which the hearing was held before Warden Lewis and defendant Human Resource Cladwell.

26. Defendants Warden Lewis and Ms Cladwell,denied plaintiff her right to call Ms.Gore and Mr.Pinky to testify on her behalf.In violation of her constitutional right to due process of law protected under the Fourteenth Amendment to the Federal Constitution.

4

27). Defendants warden Lewis and Department Human Resource Ms.Cladwell, forced plaintiff to have the hearing without allowing her witnesses Ms.Betty Gore and Mr.Pinky to testify on her behalf to the incident that occurred between Ms.Prince and Plaintiff over Ms.Gore house on June 21,2013.who was there at the Prison to testify.

28). At the hearing plaintiff told warden Lewis and Ms.Cladwell,that Natasha Prince had filed the false charge against her out of retaliation because she help Ms.Prince grandmother Ms.Gore fill out some bank fraud papers against Ms.Prince for making illegal transactions withdrawing money out of Ms.Gore bank account.(see Affidavit of Ms.Betty Gore attached thereto the original complaint as EXHIBIT-B)

29). Plaintiff also told defendant warden Lewis and Ms.Cladwell,that she have been working for TDOC for 29 years and that she acted in self-defense when she pull her gun out her purse because Ms.Prince, and her mother Kim Prince and brother Reggie Prince tried to attack her while she was inside Ms.Gore house.and accuse her of cheating.

30). Plaintiff tried to explain to defendant warden Lewis and Ms.Cladwell, after Ms.Prince,her mother and brother tried to attack her inside Ms.Gore house,that she had ran out the house to her car to leave,but another car had her block in,which cause her to go back up to the house to ask Ms.Gore to have the person had her block in to move her car.and at this time Ms.Prince,her mother and brother came out the house toward plaintiff threatening to do her bodily harm causing her to act on provocation because she fear for her life and pulled her gun out waving it in the air telling them to stay back until she got into her car to leave,but defendant warden Lewis and Ms.Cladwell, didn't want to hear nothing plaintiff had to say.

31). Plaintiff told defendant warden Lewis and Ms.Cladwell,that Ms.Gore would have testify to the facts that her granddaughter Ms.Prince, had power of attorney over her and that Ms.Prince was stealing money out Ms.Gore bank account and that plaintiff help Ms.Gore fill out the bank fraud papers.(see Ms.Gore affidavit)

32). Plaintiff told defendant warden Lewis and Ms.Cladwell,that Ms.Prince,cousin Mr.Pinky would testify at the hearing that he had to stop Ms.Prince from going to her car to get her gun to shoot plaintiff.(see Mr.Pinky affidavit attached hereto as EXHIBIT-A)

33). Defendants warden Lewis and Ms.Cladwell,told plaintiff's after she had testify to the above facts,that they going to recommend to Deputy Commissioner Woodall,Assistant Commissioner Parker and Correctional Administrator J.R.Miller,that she be terminated from the Tennessee Department Of Correction,Tennessee Prison for Women for violation of Rule of the Tennessee Department of Human Resource 11-20-10-103(11)(Conducting unbecoming of an employee in State service)

34). Defendants warden Lewis and Ms.Cladwell,told plaintiff base on the affidavit of complaint and her arrest alone it is their decision to dismiss her from TDOC for violation of TDOC POLICY 302.06[Suspension/ Termination of staff for alleged criminal acts] in which Defendants Miller and Defendant Parker upheld,defendant Lewis decision and Defendant Woodall,failed to overturn the plaintiff termaintion.

5

35). The Plaintiff filed her timely step(1) appeal with the Tennessee Department of Correction in which the hearing was set for August 6th, 2013.

36). On August 6th,2013,the plaintiff step(1) appeal was heard before the Commissioner's designees Craig Raymer and Connie Johnson.

37). At the hearing defendant Raymer displayed bias and prejudice toward plaintiff when he stated to her off the record before the hearing was convened that he didn't want to hear anything about any other employee's case but her own case.

38). Plaintiff tried to tell defendant Raymer and Ms.Johnson that she was falsely accuse and that Ms.Prince filed false charge against her out of retaliation because she help Ms.Prince grandmother Ms.Gore fill out some bank fraud papers against Ms.Prince and that why Ms.Prince file the false charges and that she haven't been convicted and she should not be terminated.

39). Defendant Raymer and Ms.Johnson told plaintiff she didn't have to be convicted and that they are agreeing with defendant warden Lewis decision to terminated her employment because she was arrested and a gun involve and that her arrest violate TDOC POLICY 302.06 and DOHR,Rule 11-20-10-103(11)

40). Plaintiff appeal defendant Raymer and Ms.Johnson decision upholding defendant warden Lewis decision to terminated her employment with TDOC for violation of TDOC POLICY 302.06 and DOHR,Rule 11-20-10-103(11) to defendant Commissioner Schofield.

41). On August 12,2013,defendant Commissioner Schofield,upheld defendants Deputy Commissioner Woodall,Assistant Commissioner Parker,Correctional Administrator Miller,Commissioner Designees Raymer and Ms.Johnson, decision upholding defendant Warden Lewis and Ms.Cladwell decision to terminated Plaintiff Primm employment from the TDOC,for violation of TDOC POLICY 302.06 and DOHR,Rule 11-20-10-103(11).in which his recommendation provide in pertinent part as follows:

> A STEP I Appeal Meeting was conduct,at your request,on August 6th,2013,at Tennessee Prison For Women (TPFW) concerning your dismissal for violation of the following policies and procedures:TDOC 302.06[Suspension/Termination of Staff for Alleged Criminal Acts] DOHR,11-20-10-103(11) [Conduct unbecoming of an employee in state service]
>
> I have carefully reviewed the documentation and the facts gathered by the appointing authority/designee and statement presented at the Step I Appeal Meeting.Based on the facts presented during the meeting a pending criminal charge of aggravated assault with a deadly weapon which put you in a compromising and potentially unsafe position considering the nature of your work and job responsibilities,and the fact that your position requires you to qualify annually for firearms per TDOC 506.09,it is my recommendation to uphold the dismissal issued by TPFW.(EXHIBIT-E Attached to original complaint)

6

42).On or around September 27,2013. **plaintiff's** appealed the TDOC, Commissioner Schofield,Deputy Commissioner Woodall,and Human Resource Director Patton,decision,approving her termination,when she filed her step(2) appeal,with the Tennessee Department of Human Resource where Commissioner Rebecca Hunter, issued her findings of facts,which states as follows:

The Department of Human Resource has conducted an extensive review of all documents submitted along with your step(2) appeals in connection with the dismissal ordered by the Tennessee Department of Corrections. To assist make a determination other additional records were requested and reviewed including witnesses statements of relevant TDOC Policy, documentation in regard to any prior disciplinary actions and recent performance evaluations.Your step(2) appeal alleges misapplication by TDOC of Tennessee Code Annotated section 8-30-316,stating that your discipline was too harsh based on the documentation submitted and reasons detailed below.I do not find a violation due to your failure to relate how the Department of Corrections violated referenced statute A thorough review of all documentation submitted by you as well as the Department of Correction support a violation of the following:DOHR Rules 11-20-10-103-(11)Conduct unbecoming of an employee in State service and TDOC Policy 302.06 Suspension/Termination of Staff for alleged criminal acts.The documentation submitted indicates that on June 21,2013,while playing cards with friends you became upset,went to your vehicle and pulled out a small semi-automatic pistol.You proceeded to wave the pistol in the air while making a statement to victim.You were arrested and charged with aggravated assault involving a deadly weapon which is a felony. Your conduct in the instance clearly does not exemplify the conduct expected of a State employee,definitely not someone in the position of a correctional sergeant.As a correctional sergeant you are responsible for insure the safety and well being of inmates as well as staff.You are expected to use good judgment not only while performing the duty of your job,but also in any activity that could negatively impact your job.You were fully aware of this as evidenced by your statement (I better leave before someone makes me lose my job.) Although you have not been convicted,your arrest has tarnished your credibility as a leader at the facility and put you in a potentially unsafe position considering your job responsibility I appreciate your many years of service to the State of Tennessee but find that dismissal is appropriate for the infraction.Therefore it is my decision to uphold the dismissal ordered by the Department of Correction.(see copy of Commissioner Hunter decision attached hereto as Exhibit-F ).

43).It is clear that the Human Resource Commissioner Hunter,upheld,the TDOC,Commissioner Schofield,Deputy Commissioner Woodall,and Human Resource Director Patton ORDER,which upheld Commissioner's designees Raymer and Johnson,ORDER,which upheld Assistant Commissioner Parker and Correctional Adminstrator Miller,and Warden Lewis and Department Human Resource Cladwell,decision to terminate the **Plaintiff** Carolyn Primm.from employment with the TDOC,for violation of TDOC Policy 302.06

7

Suspension/Termination of Staff alleged criminal acts and for violation of DOHR,Rule 11-20-10-103(11) Conduct unbecoming of an employee in State service.

44).Defendant Human Resource Commissioner Hunter,disregarded plaintiff claim that defendant warden Lewis and Ms.Cladwell,and Commissioner designess Mr.Raymer denied plaintiff her constitutional due process right to call witnesses and confront her accuser alleged in her Petition For Government to Redress Grievance that she file in her STEP II APPEAL.(copy of Petition file in Step II Appeal attached hereto as EXHIBIT-1).

45).On October 8th,2013,the Plaintiff filed her STEP III APPEAL,with the BOARD OF APPEALS.in which the case was assigned to Administrative Law Judge Mary Collier.

46).On October 14th,2013,ALJ,Mary Collier,entered an Order setting the 120 days deadline to hear plaintiff case by February 1,2014.

47).On October 22,2013,ALJ,Mary Collier,held a conference call between plaintiff and defendant John Drummond the attorney for TDOC,during this conference call,ALJ,set the final hearing on December 12,2013.

48).Plaintiff submits when defendant Raymer,told her during the STEP I Appeal that he didn't want to hear her say anything about any other employees case but her own case,This statement from defendant Raymer, is evidence that defendant Raymer and TDOC Commissioner Schofield, Deputy Commissioner Woodall,Assistant Commissioner Parker,Correctional Administrator Millers, Human Resource Commissioner Hunter,Human Resource Director Patton,Department Human Resource Cladwell,General Counsel Inglis, and Warden Lewis,knew or should have known that other TDOC Employees had been arrested for alleged criminal acts in violation of TDOC POLICY 302.06 and DOHR,Rule 11-20-10-103(11).and TDOC did not terminated their employment.

49). Plaintiff discovery evidence that the defendants named herein this lawsuit discriminated against her based on her race and gender and denied her the Equal Protection of the Law when she discovery evidence that two(2) white male TDOC employees had been arrested for alleged criminal acts in violation of TDOC POLICY 302.06 and DOHR,Rule 11-20-10-103(11) and TDOC did not terminated their employment which is the same policies that TDOC terminated Plaintiff for violating due to her arrest.

50).On November 12,2013,plaintiff file a Motion for leave to file Amended Complaint to add a claims of race and gender discrimination against the defendants in her Step III Appeal before the BOARD OF APPEAL.(see Amended Complaint file in the BOARD OF APPEAL EXHIBIT- 2)

51).Defendants TDOC,Commissioner Schofield,Deputy Commissioner Woodall, Assistant Commissioner Parker,Correctional Administrator Miller, Mr.Raymer,Ms.Johnson,Ms.Hunter,Ms.Patton,Ms.Cladwell,Ms.Lewis,Ms.Inglis, knew that Markus Hornsby,a lieutenant for TDOC,A WHITE MALE,was charged under the criminal code of Tennessee with a warrant for the crime of aggravated assault.Once he was charged with this crime the defendants did not terminated Mr.Hornsby employment from TDOC.(see Warrant and Affidavit of Criminal complaint of Mr.Hornsby,EXHIBIT-G attached to original complaint)

8

52).Defendants TDOC,Commissioner Schofield,Deputy Commissioner Woodall, Assistant Commissioner Parker,Correctional Administrator Miller, Mr.Raymer,Ms.Johnson,Ms.Hunter,Ms.Patton,Ms.Cladwell,Ms.Lewis,Ms.Inglis, knew that Lt.Markus Hornsby,was charged and arrested with Domestic assault on June 17,2013,30 days after he was arrested for aggravated assault On May 18,2013.Once he was charge with this second crime the defendants did not terminated Mr.Hornsby employment from TDOC. (see warrant and affidavit of complaint of Mr.Hornsby,EXHIBIT-H attached to original complaint)

53).Defendants TDOC,Commissioner Schofield,Deputy Commissioner Woodall, Assistant Commissioner Parker,Correctional Administrator Miller, Mr.Raymer,Ms.Johnson,Ms.Hunter,Ms.Patton,Ms.Cladwell,Ms.Lewis,Ms.Inglis, knew that Lt.Markus Hornsby,was charge and arrested a third time for COR violation on June 19,2013,2 days after he was arrested for Domestic assault on June 17,2013.Once he was charged with this third crime the defendants did not terminated Mr.Hornsby employment from TDOC.(see warrant and affidavit of complaint of Mr.Hornsby,EXHIBIT-I attached to original complaint)

54).Defendants TDOC,Commissioner Schofield,Deputy Commissioner Woodall, Assistant Commissioner Parker,Correctional Administrator Miller, Mr.Raymer,Ms.Johnson,Ms.Hunter,Ms.Patton,Ms.Cladwell,Ms.Lewis,Ms.Inglis, knew that Lt.Hornsby,had been arrested 3 times within 37 days before plaintiff Primm one arrest on June 24,2013,and the defendants did not terminated Mr.Hornsby,employment from TDOC.When they knew that his arrest for alleged criminal acts violates TDOC POLICY 302.06 and DOHR,Rule 11-20-10-103(11).

55).Defendants TDOC,Commissioner Schofield,Deputy Commissioner Woodall, Assistant Commissioner Parker,Correctional Administrator Miller, Mr.Raymer,Ms.Johnson,Ms.Hunter,Ms.Patton,Ms.Cladwell,Ms.Lewis,Ms.Inglis, knew that J.R.Miller,son James Miller,was arrested for DUI and speeding in a State vehicle and refused to submits to a blood/alcohol test,on April 19,2012,Once he was charged with this crime the defendants did not terminated Mr.Miller,employment from TDOC.

56).Defendants TDOC,Commissioner Schofield,Deputy Commissioner Woodall, Assistant Commissioner Parker,Correctional Administrator Miller, Mr.Raymer,Ms.Johnson,Ms.Hunter,Ms.Patton,Ms.Cladwell,Ms.Lewis,Ms.Inglis, knew that Plaintiff Primm,had service the TDOC,for 29 years, and they also knew that Lt.Hornsby had service the department for 16 years and Sgt.Miller,had service the department less than 6 years,but TDOC, refused and/or failure to terminated Mr.Hornsby and Mr.Miller, employment due to their arrests in violation of TDOC POLICY 302.06 and DOHR,Rule 11-20-10-103(11) which is the same policies that TDOC, TERMINATED Plaintiff for violating due to her arrest.Constitutes disparate treatment.

57).Defendants TDOC,Commissioner Schofield,Deputy Commissioner Woodall, Assistant Commissioner Parker,Correctional Administrator Miller,allow Lt.Hornsby,to continues his employment and go back and forward to court from the time he was arrested until he plea guilty to his crime on July 31,2013,and they still did not terminate his employment for the good of the service.After he was convicted in a court of law.

9

58).Defendant TDOC,Commissioner Schofield,Deputy Commissioner Woodall, Assistant Commissioner Parker,Correctional Administrator Miller,allow Sgt,Miller,to continues his employment and go back and forward to court from the time he was arrested On April 19,2012,until he was convicted on November 6,2013 for his crime,and they still did not terminate his employment for the good of the service,after he was convicted in a court of law.

59).Defendants TDOC,Commissioner Schofield,Deputy Commissioner Woodall, Assistant Commissioner Parker,Commissioner's designees Mr.Raymer, and Connie Johnson,knew that Deputy Warden Mathis,Ms.Griggs,and Captain Daniel,had recommended that Sgt.James Miller be terminated for the alleged criminal action of driving under the influence DUI, for speeding in a State vehicle and for refusing to take a blood test,but the defendants denied the recommendation that Sgt.Miller, be terminate,because is the son of Defendant Correctional Administrator Miller,they chose to conceal and cover-up Sgt.Miller criminal acts for the sole purpose of not terminating him.from TDOC.

60).The defendants TDOC,Commissioner Schofield,Deputy Commissioner Woodall,Assistant Commissioner Parker,Ms.Lewis,Mr.Raymer,Ms.Hunter, Ms.Cladwell,Ms.Patton, Ms.Inglis,Ms.Johnson, Correctional Administrator Miller,deny Plaintiff Primm,the Equal Protection of the Law,by failing to act to require any accountability of the two(2) male Caucasian employees Lt.Hornsby and Sgt.Miller, of the department for their criminal behavior,To terminate the Plaintiff and not even address the matters of criminal activity committed by employees who are male Caucasians constitutes disparate treatment.

61),The plaintiff's is a member of a protected class who suffered damage in her employment by the termination imposed upon her by the defendants TDOC.She lost the right to remain employed at a position that she was **qualified** to hold and did hold for 29 years,the treatment of Lt.Hornsby and Sgt.Miller are just two examples of how comparable non-protected persons were treated differently and treated better than Plaintiff.

62).Plaintiff avers that Lt.Hornsby and Sgt.Miller,was not similarly sanctioned or disciplined by the defendants TDOC,as was the Plaintiff after their criminal arrest in violation of TDOC POLICY 302.06 and DOHR,Rule 11-20-10-103(11) was made known to defendants TDOC,and Commissioner Schofield,Deputy Commissioner Woodall,Assistant Commissioner Parker,constitutes disparate treatment.

63).After plaintiff's had filed her amended complaint in the Board of Appeals on November 12,2013,alleging the claims of race and gender discrimination against the defendants TDOC,and the other named defendants alleged herein,on December 10,2013,Defendant ALJ,Wall,contacted the plaintiff and informed her that he was granting her amended complaint and he was continues the 12-12-2013 hearing to 1-10-2014,so that she can argued her discrimination claim before the board of appeal,but he failed to entered an official order in writing.

10

64). On December 10,2013,after defendant ALJ,Wall,had contacted TDOC, ATTORNEY,Defendant John Drummond,and informed him that he granted Plaintiff amended complaint and that he granted Mr.Drummond motion to continues the 12-12-2013 hearing to January 10,2014,defendant Drummond filed a response to plaintiff race and gender discrimination claims arguing that the tribunal and/or board of appeals does not have subject matter jurisdiction to hear plaintiff discrimination claims under Title VII.because the tribunal can not award money damages.

65). On December 30,2013,the Plaintiff filed her reply to defendant Drummond response to her amended complaint,in her reply she argued that the tribunal clearly have jurisdiction to hear her discrimination claims under the T.E.A.M.ACT.Tenn.Code.Ann.§§ 8-30-101(b)(1) and under the Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution.

66). On January 10,2014,the plaintiff appeared at the hearing with her witnesses and defendant Drummond appeared at the hearing on behalf of the defendant TDOC,but defendant ALJ Wall,failed to show up for the hearing without any reason giving to plaintiff.

67). On January 21,2014,Plaintiff filed a Motion for Summary Judgment on her race and gender discrimination claims against the defendants TDOC,and she set this motion to be heard on January 31,2014.

68). On January 22,2014,Defendants ALJ Wall and Defendant attorney Drummond,contacted plaintiff by phone for a conference call,during this call ALJ Wall told plaintiff that he have sent her an order in the mail setting the final hearing for January 24,2014.

69). Plaintiff told ALJ Wall that he haven't gave her enough time to subpoena her witnesses to the hearing,and ALJ Wall told her that he not going to allow her to subponea Commissioner Schofield as a witness and he not going to grant her a continue.

70). Plaintiff than told ALJ Wall that she had filed a motion for summary judgment on her race and gender discrimination claim and defendant Drummond objected to the motion and ALJ Wall told plaintiff after Mr.Drummond had objected to the motion that he not going to hear her motion because he going to sign her case over to ALJ Steve Darnell and she can argue her motion before ALJ Darnell on 1/24/2014.

71). On January 23,2014,the plaintiff received a copy of ALJ Wall order entered on January 21,2014,setting the hearing for 1/24/2014,

72). On January 24,2014,around 8:30,plaintiff contacted ALJ Wall, and informed him that he only gave her a 24 hours notice for the hearing and she need time to subpoena her witnesses and ALJ Wall told her if she don't get to the hearing he going to put her in default.

73). On January 24,2014,plaintiff appeared at the hearing before ALJ Darnell, and Board of Appeals members Mr.Ragan,Mr.Crumlin and Mr.Foster, at this hearing she informed ALJ Darnell that she filed a motion for summary judgment on her race and gender discrimination claim and ALJ Darnell denied her motion without stating any reason for denying it.

11

74). After ALJ Darnell, had denied plaintiff motion for summary judgment without reading the motion, she than informed ALJ Darnell, that she have a emergency motion to continue the hearing because ALJ Wall only gave her a 24 hours notice of the hearing which was not enough time for her to subpoena her witnesses and ALJ Darnell told her that he going to let the board members decide whether to grant her a continue.

75). Defendant Drummond objected to the continue of the hearing so that plaintiff can not subpoena her witnesses in which he argued that a continue of the hearing will violate the 120 days deadline of February 1, 2014.

76). The board members agree with plaintiff and grant her motion to continue the hearing because ALJ Wall failed to give her enough time so she can subpoena her witnesses to testify on her behalf. In which the hearing was set for February 12, 2014.

77). On this same day of January 24, 2014, after the hearing before the board the plaintiff went and refile her motion for summary judgment setting the motion to be heard on January 31, 2014,

78). Defendant ALJ Darnell failed to hear plaintiff motion for summary judgment on January 31, 2014, when she clearly stated in her motion at paragraph #51 that her motion be heard on that date.

79). On February 12, 2014, plaintiff appeared at the hearing with her witnesses, ALJ Darnell was presence and defendant Drummond was there on behalf of TDOC, at this hearing ALJ Darnell told plaintiff and Attorney Drummond that he going to reschedule the hearing to 2/28/2014. because the Board members could not be there due to the weather.

80). Finally at the hearing ALJ Darnell told plaintiff that he going to hear her motion for summary judgment on her race and gender discrimination claim. he told her he not going to allow her to call Lt. Markus Hornsby or Sgt. James Miller to testify or any other witnesses she have subpoena.

81). After ALJ Darnell had refuse to allow plaintiff to call her witnesses to testify she had to relies on certified copy of Lt. Hornsby and Sgt. Miller arrest warrant and affidavit of complaint as evidence to show that these white male officers was arrested for alleged criminal acts in violation of TDOC POLICY 302.06 and DOHR, Rule 11-20-10-103(11) and TDOC, did not terminate their employment for violating the same policy that TDOC terminate her for violating due to her arrest.

82). Defendant Drummond argued at the motion for summary judgment hearing that plaintiff motion should be denied because Lt. Hornsby and Sgt. Miller had plea guilty to misdemeanor charges.

83). Defendant ALJ Darnell told plaintiff that he going to take her motion under advisement.

84). After the hearing was over around 12:00 pm, about 8:25 pm, on February 12, 2014, defendant Drummond sent ALJ Darnell an E-MAIL which states: I JUST REMEMBERED THAT I HAVE BEEN ASKED TO ATTEND A DEPARTMENTAL

12

POLICY PRESENTATION IN WHICH I HAVE BEEN INVOLVED AS AN ADVISOR ON
FEBRUARY 28,WOULD YOU LET ME ASK MS.PRIMM,IF SHE WOULD BE AGREEABLE
TO MARCH 17,DATE ? I APOLOGIZE FOR NOT REMEMBERING THAT EARLIER.

85).The plaintiff received ALJ Darnell February 12,2014,order denying
her motion for summary judgment in the mail,in which the order provides
as follows:

> She relies on the certified copies of convictions of two
> other Department employees with similar or comparable
> criminal charges who were not terminated by the department
> these other department employees are both Caucasian males,
> the fact two Caucasian male employees were charged and perhaps
> convicted of similar or comparable conduct is not in and
> itself,sufficient to show the department discriminated against
> complainant based on her race.(see ALJ Darnell Order EXHIBIT-3)

86).On March 4th,2014,the plaintiff filed a emergency motion to alter
or amend a judgment denying her motion for summary judgment,in this
motion she argued that ALJ Darnell had abuse his discretion by weighing
the evidence when evaluating a motion for summary judgment and by
failing to apply the proper standard when evaluate a motion for summary
judgment.in which ALJ Darnell denied this motion on March 14,2014.

87).On March 5th.2014,ALJ Darnell entered an order granting defendants
TDOC,and attorney Drummond request to continue the hearing to March
17,2014,without TDOC,Attorney Drummond filing any motion for a continue.

88).On or around March 12,2014,defendant ALJ Kim Summers and Attorney
Drummond contacted plaintiff by phone for a conference call during
this call ALJ Summers told plaintiff that she will be hearing her
case on March 17,plaintiff told ALJ Summers that she did not have
jurisdiction to hear TDOC case against her because the 120 days deadline
had expired on February 1,2014, and ALJ Summers told plaintiff she
going to hear the case on TDOC behalf.

89).On March 13,2014,plaintiff filed a notice of objection to the
jurisdiction of the tribunal and board of appeals to hear TDOC case
on March 17,2014 because the 120 days deadline had expired on 2/1/2014.

90).On March 17,2014,plaintiff appeared at the unconstitutional hearing
before the board of appeal and ALJ Summers,at this hearing she objected
to the jurisdiction of the board of appeals to hear TDOC termination
case against her on the ground that the 120 days deadline had expired
on 2/1/2014.

91).Defendant Summers told plaintiff that she and the board of appeal
members Ms.Clark,Mr.Justis and Mr.Hamilton going to hear the case
whether she stay at the hearing or not.

92).Plaintiff told the board members defendant Clark,Mr.Justis and
Mr.Hamilton,that the hearing was continue to March 17,by ALJ Darnell
at Attorney Drummond request because he had a conflict with the 2/28/14
hearing,and that ALJ Darnell granted the continue without Mr.Drummond
filing any motion for continue and they disregard her objection and
held the hearing without jurisdiction.

13

94).On April 3,2014,defendant Clark,Mr.Justis and Mr.Hamilton,acted without jurisdiction and entered an order upholding TDOC,decision terminate plaintiff employment for violation of TDOC POLICY 302.06 and DOHR,Rule 11-20-10-103(11).

## CAUSE OF ACTION# 1

95).The action of Defendants TDOC,Commissioner Schofield,Deputy Commissioner Woodall,Assistant Commissioner Parker,Correctional Administrator Miller,Warden Lewis,Ms.Hunter,Ms.Patton,Ms.Cladwell, Ms.Inglis,Mr Raymer and Ms.Johnson,agreeing to terminate plaintiff employment from TDOC,due to her arrest in violation of TDOC POLICY 302.06 and DOHR,Rule 11-20-10-103(11),when they knew that two(2) white male employees Lt.Hornsby and Sgt.Miller was arrested before plaintiff had violated TDOC POLICY 302.06 and DOHR,Rule 11-20-10-103 (11) and they did not terminated their employment.Thereby the defendants reason for terminated plaintiff employment were not their true reasons but were a pretext of racial and gender discrimination.This disparate treatment violates 42 U.S.C.§§ 1981 and Title VII of the Civil Rights Act of 1964 (42 U.S.C.§§ 2000(e) and 703(a)(1).

## CAUSE OF ACTION# 2

96).The action of Defendants TDOC,Commissioner Schofield,Deputy Commissioner Woodall,Assistant Commissioner Parker,Correctional Administrator Miller,Warden Lewis,Ms.Hunter,Ms.Patton,Ms.Cladwell, Ms.Inglis,MR.Raymer and Ms.Johnson,treating plaintiff unfairly by depriving her of her constitutionally protected property right to her job when they agreed to terminate her employment for violating TDOC POLICY 302.06 and DOHR,Rule 11-20-10-103(11) due to her arrest when they knew that two(2) white male officers Lt.Hornsby and Sgt.Miller, had violated the same policies due to their arrest and the defendants did not terminate their employment.Constitutes race and gender discrimination,this disparate treatment deny plaintiff the Equal Protection of the Law in violation of the Fourteenth Amendment of the United States Constitution.

## CAUSE OF ACTION# 3

97).The action of Defendants ALJ Darnell, and ALJ Wall,to hear the plaintiff race and gender discrimination claim alleged in her amended complaint and motion for summary judgment within 120 days pursuant to T.C.A.§§ 8-30-318(i)(4).deny plaintiff due process of law in violation of the Fourteenth Amendment of the United States Constitution.

## CAUSE OF ACTION# 4

98).The action of Defendant ALJ Darnell,abuse his discretion by weighing the evidence base on his personal opinion when evaluating plaintiff motion for summary judgment and by failing to apply the proper standard when evaluate a motion for summary judgment.Deny plaintiff due process of law in violation of the Fourteenth Amendemnt of the United States Constitution.

14

## CAUSE OF ACTION# 5

99). The action of Defendant ALJ Summers, Ms. Clark, Mr. Justis, and Mr. Hamilton failure to remedy the wrongfully termination of plaintiff employment by TDOC base on her race and gender, when they knew that TDOC. had continue the hearing to March 17,2014 after the 120 days deadline had expired on 2/1/14, and they disregard plaintiff objection that they lacked subject matter jurisdiction to hear TDOC case against plaintiff. Constituted deliberate indifference to plaintiff been deprived of her constitutionally protected property right to her job by TDOC without due process of law in violation of the Fourteenth Amendment of the United States Constitution. Because they entered an order on April 3,2014 upholding TDOC decision without jurisdiction or the authority to entered the order after the 120 days had expired.

## CAUSE OF ACTION# 6

100). The action of Defendants TDOC, Commissioner Schofield, Deputy Commissioner Woodall, Assistant Commissioner Parker, Correctional Administrator Miller, John Drummond, ALJ Wall, ALJ Darnell, and ALJ Summers, failed to allow plaintiff to be heard before the board of appeal within 120 days pursuant to T.C.A.§§ 8-30-318(i)(4), deprived plaintiff of her constitutionally protected property right to her job without due process of law in violation of the Fourteenth Amendemnt of the United States Constitution.

## CAUSE OF ACTION# 7

101). Defendants ALJ Darnell and John Drummond denied plaintiff procedural due process in violation of the Fourteenth Amendemnt of the United States Constitution when ALJ Darnell granted TDOC request to continue the hearing to March 17.2014, without Mr.Drummond filing a motion to continue.

## CAUSE OF ACTION# 8

102). The action of defendants TDOC, Commissioner Schofield, Deputy Commissioner Woodall, Assistant Commissioner Parker, Correctional Administrator Miller, Ms.Hunter, Ms.Patton, Mr.Raymer, Ms.Inglis, and Ms.Johnson, upholding Warden Lewis and Ms.Cladwell, decision terminated plaintiff employment after Warden Lewis and Ms.Cladwell, had refused to allow plaintiff to call Ms.Betty Gore and Mr.Pinky to testify at the pre-termination hearing on July 16,2013 denied plaintiff the due process of law In violation of the Fourteenth Amendment of the United States Constitution.

15

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Award Compensatory damages in the following amounts:

1. $30,000,000 Millions dollars jointly and severally against TDOC, Schofield, Woodall, Parker, Miller, Lewis, Cladwell, Inglis, Patton, Raymer, Johnson, Drummond, Clark, Justis, Hamilton, Darnell, Wall, Summers, due to the disparate treatment of plaintiff in violation of Title VII of the civil right act of 1964 as well as violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

B. Award Punitive damages in the following amounts:

$30,000,000 millions dollars each against defendants TDOC, Schofield, Woodall, Parker, Lewis, Raymer, Patton, Inglis, Clark, Justis, Hamilton, Cladwell, Drummond, Wall, Darnell, Summers, for deprived plaintiff of her constitutionally protected property right to her job without due process.

C. Grant plaintiff such other relief as it may appear that she is entitled.

Respectfully Submitted

Carolyn Primm
919 Tal Lane.
La Vergne, Tn. 37086

ON THIS THE 9th DAY OF April 2015.

16