```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                   NASHVILLE DIVISION
```

CAROLYN PRIMM,                 )
                               )
        Plaintiff              )
                               )
v.                             )    No. 3:15-0230
                               )    Senior Judge Nixon/Bryant
TENNESSEE DEPARTMENT OF        )    **Jury Demand**
CORRECTION, *et al.*,          )
                               )
        Defendants             )

**TO:   THE HONORABLE JOHN T. NIXON
        SENIOR DISTRICT JUDGE**

### REPORT AND RECOMMENDATION

Defendant Tennessee Department of Correction ("TDOC") has filed its motion to dismiss the amended complaint for insufficient service of process (Docket Entry No. 12). Plaintiff Primm has filed a reply in opposition (Docket Entry No. 16). For the reasons stated below, the undersigned Magistrate Judge finds that Defendant's motion to dismiss should be denied.

### STATEMENT OF THE CASE

Plaintiff Carolyn Primm, who is proceeding *pro se* and *in forma pauperis*, has filed this action against Defendant TDOC alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 and other statutes (Docket Entry No. 1).

### ANALYSIS

Defendant TDOC, through counsel, has filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), asserting insufficient service of process. Specifically, Defendant

states that no summons has been issued or served on TDOC or any named Defendant (Docket Entry No. 12-1 at 3). From a review of the record, it appears that Defendant is correct .

In her response, Plaintiff argues that service of process for a Plaintiff who has been granted *in forma pauperis* status is to be served by the U.S. Marshal. 28 U.S.C. § 1915(d); *Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996). Plaintiff also is correct.

It appears that on May 13, 2015, the Court granted Plaintiff's application for leave to proceed *in forma pauperis* (Docket Entry No. 4). This order further granted Plaintiff 21 days within which to file a copy of a right-to-sue letter from the EEOC. Thereafter, Plaintiff Primm timely filed a copy of her right-to-sue letter (Docket Entry No. 7-1), whereupon the Court granted Plaintiff's motion for leave to file an amended complaint, dismissed the complaint against certain individual Defendants, and referred the case to the undersigned Magistrate Judge to enter a scheduling order as well to conduct further proceedings as necessary (Docket Entry No. 8). Regrettably, it appears that the Court has neglected to direct the Clerk to issue summons for the Defendants to the U.S. Marshal for service of process.

For the reasons stated above, the undersigned Magistrate Judge finds that Defendant's motion to dismiss should be denied, that the Clerk should be directed to a issue summons for each Defendant

and that service of process of the summons and amended complaint should be made upon Defendants by the U.S. Marshals.

## RECOMMENDATION

For the reasons state above, the undersigned Magistrate Judge recommends that Defendant's motion to dismiss (Docket Entry No. 12) be denied, that the Clerk be directed to issue summons for the Defendant, and that a summons and a copy of the amended complaint be served upon Defendant by the U.S. Marshal.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 22nd day of February, 2016.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

3