UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAROLYN PRIMM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:15-cv-00230 |
| ) | JUDGE CRENSHAW |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPNION**

Pending before the Court is Defendant Tennessee Department of Correction's ("TDOC") Motion to Dismiss (Doc. No. 25), to which Plaintiff Carolyn Primm has responded in opposition (Doc. No. 28). For the following reasons, TDOC's Motion to Dismiss will be **GRANTED IN PART** and **DENIED IN PART**.

**I.     Background**

Plaintiff Carolyn Primm, who is female and African-American, filed the instant action bringing claims under 42 U.S.C. §§ 1981 and 1983, and Title VII of the Civil Rights Act of 1964 against TDOC and employees of TDOC, the Tennessee Department of Human Resources ("TDHR"), and the Tennessee Department of State (collectively, the "Individual Defendants") in their individual and official capacities. Primm alleges that TDOC and the Individual Defendants discriminated against her by terminating her employment based on an arrest for aggravated assault. In support of her claim, Primm cites the comparative example of two white male employees arrested for similar offenses who were not similarly sanctioned. Primm also alleges that the Administrative Law Judges ("ALJ") and Board of Appeals members who heard her administrative

action violated her due process rights during her pre-termination hearing and the subsequent appeal process.

Primm filed this action pro se on March 10, 2015. (Doc. No. 1.) At the time of the actions underlying Primm's claims, Defendant Schofield was TDOC Commissioner, Defendant Woodall was TDOC Deputy Commissioner, and Defendant Parker was TDOC Assistant Commissioner. (Doc. No. 9.) Defendants Raymer and Johnson were TDOC "commissioner designees," and Defendant Miller was TDOC correctional administrator. (Id.) Defendants Hunter and Patton were TDOC human resources administrators. (Id.) Defendant Inglis was TDOC general counsel. (Id.) Defendant Lewis was the Tennessee Prison for Women ("TPW") Warden, and Defendant Cladwell worked in human resources at TPW. (Id.) Defendants Darnell, Wall, and Summers were ALJs. (Id.) Defendants Clark, Justis, and Hamilton were Board of Appeal members. (Id.) Defendant Drummond was counsel for TDOC in Primm's administrative appeal. (Id.) All Individual Defendants are sued in their individual and official capacities. (Id.) Primm seeks compensatory and punitive damages against all defendants. (Id.)

### A. Factual Background

The following allegations relevant to TDOC's Motion to Dismiss are taken from the Amended Complaint and accepted as true for purposes of this motion:

Primm worked for TDOC for 29 years, most recently as a correctional sergeant at TPW, until her employment was terminated on July 16, 2013. (Doc. No. 9, PageID# 64, ¶ 21.)

On June 24, 2013, Primm was arrested and charged with aggravated assault for an alleged incident that occurred on June 21, 2013, while Primm was playing cards at the home of Betty Gore. (Id. at ¶ 22.) During the card game, Gore's daughter Kim Prince and granddaughter Natasha Prince accused Primm of cheating and attacked her. (Doc. No. 1-9, PageID# 24, ¶¶ 1–3.) When Primm

2

tried to leave, Kim, Natasha, and grandson Reggie Prince followed Primm to her car, threatening "to do her bodily harm." (Id. at ¶ 5; Doc. No. 9, PageID# 65, ¶¶ 29–30.) Primm pulled a gun out of her purse, waved it in the air, and told them to stay back until she got into her car to leave. (Doc. No. 9, PageID# 65, ¶¶ 29–30.) Primm states that she drew her gun because she feared for her life. (Id. at ¶ 30.)

Natasha Prince reported to police that Primm, unprovoked, threatened her with a gun. (Doc. No. 1-4.) Primm alleges that Prince made this false report in retaliation because Primm helped Gore stop Prince, her mother, and brother from stealing from Gore's bank account. (Doc. No. 1-9, PageID# 24, ¶ 4; Doc. No. 9, PageID# 65, ¶¶ 28, 31.)

Primm was released on bond and reported her arrest to Defendant Lewis, who placed her on administrative leave. (Doc. No. 9, PageID# 64, ¶ 23.) Lewis scheduled a disciplinary meeting for July 16, 2013. (Doc. No. 1-2.) Primm was not permitted to present witnesses at this meeting, as she had requested to do. (Doc. No. 9, PageID# 65, ¶ 27.) Primm did tell Lewis and Defendant Cladwell about the alleged bank fraud and that she acted in self-defense. (Id. at PageID# 64–65, ¶¶ 24–32.) Lewis and Cladwell recommended that Primm be terminated for violating Tennessee Department of Human Resources ("DOHR") Rule 11-20-10-103(11) (conduct unbecoming of an employee in state service) and TDOC Policy 302.06 (suspension/termination of staff for alleged criminal acts). (Doc. No. 1-10; Doc. No. 9, PageID# 65, ¶¶ 33–34.) Defendants Woodall, Parker, and Miller agreed with this recommendation. (Doc. No. 9, PageID# 65, ¶ 34.) Primm's employment was terminated. (Id.)

Primm timely filed her Step I appeal with TDOC, which was heard on August 6, 2013 by Defendant Schofield's designees Defendants Raymer and Johnson. (Id. at PageID# 62, 66, ¶¶ 3, 6, 35–36.) Before the hearing began, Raymer told Primm that he did not want to hear anything about

3

any other employee's case. (Id. at PageID# 66, ¶ 37.) Raymer and Johnson affirmed the decision to terminate Primm because her arrest violated TDOC Policy 302.06 and DOHR Rule 11-20-10-103(11). (Id. at ¶ 39.) Primm then appealed to Schofield, who upheld her termination on the same basis. (Id. at ¶¶ 40–41.) Schofield based his decision on "a pending criminal charge of aggravated assault with a deadly weapon which put you in a compromising and potentially unsafe position considering the nature of your work and job responsibilities, and the fact that your position requires you to qualify annually for firearms[.]" (Id. at ¶ 41.)

On approximately September 27, 2013, Primm filed a Step II Appeal challenging the decisions affirming her termination. (Id. at PageID# 67, ¶ 42.) Defendant ALJ Hunter upheld Primm's dismissal. (Id. at ¶¶ 42–43.) Primm filed her Step III Appeal on October 8, 2013, with the Board of Appeals. (Id. at PageID# 68, ¶ 45.) On November 12, 2013, Primm moved for leave to file an amended administrative complaint to add claims of race and gender discrimination based on the comparators of two white male TDOC correctional officers who were arrested for alleged criminal acts in violation of TDOC Policy 302.06 and DOHR Rule 11-20-10-103(11) but remained employed. (Id. at PageID# 68–70, ¶¶ 48–62.) Defendant ALJ Wall granted the motion to file an amended complaint. (Id. at PageID# 70, ¶ 63.)

Primm filed a motion for summary judgment on her discrimination claims in the administrative action. (Id. at PageID# 71, ¶¶ 67–68.) On January 24, 2014, Defendant ALJ Darnell denied Primm's motion for summary judgment. (Id. at ¶ 73.) Primm filed the motion for summary judgment again, requesting the motion be heard on January 31, 2014. (Id. at PageID# 72, ¶¶ 77–80.) Darnell denied Primm's refiled motion for summary judgment in an order dated February 12, 2014, reasoning that "the fact two Caucasian male employees were charged and perhaps convicted

4

of similar or comparable conduct is not in and [of] itself, sufficient to show the department discriminated against complainant based on her race." (Id. at PageID# 73, ¶ 85.)

The Board of Appeals ultimately affirmed TDOC's decision to terminate Primm's employment for violations of TDOC Policy 302.06 and DOHR Rule 11-20-10-103(11). (Id. at PageID# 74, ¶ 94.)

### B. Procedural History

In its order granting Primm's motion to file an amended complaint (Doc. No. 8), this Court dismissed on statute of limitations grounds Primm's § 1983 claims against Defendants Schofield, Woodall, Parker, Hunter, Patton, Raymer, Johnson, Miller, Lewis, Collier, Caldwell, Inglis, and Wall. (Doc. No. 8.) Primm's remaining claims are those brought under 42 U.S.C. § 1981 and Title VII against all Defendants and her 42 U.S.C. § 1983 claims against TDOC.

TDOC was served on March 31, 2016 (Doc. No. 24), and filed the instant Motion to Dismiss on April 20, 2016 (Doc. No. 25).

## II. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). However, the plaintiff must allege sufficient facts to show that the claim is "plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). A plaintiff must plead more than "labels and conclusions,"

"a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Id. (quoting Twombly, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Finally, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**III.     Analysis**

For the reasons set forth below, the Court will grant TDOC's Motion to Dismiss with regard to Plaintiff's claims made against it under 42 U.S.C. §§ 1981 and 1983 and deny the Motion with regard to Plaintiff's claims made against it under Title VII of the Civil Rights Act of 1964. The Court will not consider TDOC's arguments made regarding claims against the Individual Defendants.

   **A.     Service of Process**

On June 25, 2015, TDOC moved to dismiss on the ground of insufficient service of process because no summonses had been issued and neither the Complaint nor the Amended Complaint had been served on any named defendant. (Doc. Nos. 12, 13, PageID# 85 n.1, 87.) Magistrate Judge Bryant issued a Report and Recommendation finding, "[r]egrettably, it appears that the Court has neglected to direct the Clerk to issue summons for the Defendants to the U.S. Marshal for service of process." (Doc. No. 17, PageID# 116.) Judge Bryant recommended "that the Clerk be directed to issue summons for the Defendant, and that a summons and a copy of the amended complaint be served upon Defendant by the U.S. Marshal." (Id. at PageID# 117.)

6

The District Court adopted the Report and Recommendation in full on March 17, 2016. (Doc. No. 20.) However, apparently relying only on Judge Bryant's second reference to a singular "Defendant," the Court ordered that "the Clerk . . . issue summons for Defendant Tennessee Department of Correction" and "serve a summons and a copy of the amended complaint to Defendant Tennessee Department of Correction." (Id.) As a result, none of the Individual Defendants has been served to date.

This is the Court's inadvertent error. Because Primm appears in forma pauperis, it is the Court's duty to "issue and serve all process[.]" 28 U.S.C. § 1915(d). The Individual Defendants have not yet been made aware of this action, nor have they submitted to the Court's jurisdiction. Accordingly, although TDOC argues that Primm's claims against the Individual Defendants can and should be dismissed at this juncture,[1] the Court will limit its consideration to TDOC's arguments made on its own behalf regarding Plaintiff's claims against it. (Doc. No. 26, PageID# 138 n.2.)

The Court will **DIRECT** the Clerk to issue summons for Defendants Derrick Schofield, Jason Woodall, Tony Parker, Rebecca Hunter, Lisa Patton, Craig Raymer, Connie Johnson, J.R. Miller, Renee Cladwell, Debbie Inglis, Virginia Lewis, Barbara Clark, Bland Justis, James Hamilton, John Drummond, Steve Darnell, Marion Wall, and Kim Summers and serve each named Defendant a summons and a copy of the Complaint (Doc. No. 1), Amended Complaint (Doc. No. 9), and this Order.

---

[1] TDOC argues:

> Because the Office of the Attorney General and Reporter intends to represent the Individual Defendants if and when they are all served with process and request representation [and] because there exist grounds upon which this Court should dismiss all claims against the Individual Defendants now, counsel advances those arguments here. However, the Individual Defendants have not submitted to the jurisdiction of this court as they have yet to be properly served.

(Doc. No. 26, PageID# 138 n.2.)

### B. Primm's Claims Against TDOC

Primm's first cause of action alleges that TDOC "agree[d] to terminate plaintiff['s] employment from TDOC, due to her arrest in violation of TDOC POLICY 302.06 and DOHR, Rule 11-20-10-103(11), when they knew that two (2) white male employees Lt. Hornsby and Sgt. Miller [who were] arrested before plaintiff" had also violated these policies but were not terminated. (Doc. No. 9, PageID# 74, ¶ 95.) Primm further alleges that the stated reasons for her termination were pretext for racial and gender discrimination. Primm asserts that these actions are in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964.

#### i. § 1981 Claims

"Section 1981 prohibits racial discrimination in the making and enforcement of private contracts." McCormick v. Miami Univ., 693 F.3d 654, 659 (6th Cir. 2012) (citing Runyon v. McCrary, 427 U.S. 160, 168 (1976)). The Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." Thiokol Corp. v. Dep't of Treasury, 987 F.2d 376, 381 (6th Cir. 1991) (citations omitted). Eleventh Amendment immunity applies unless a state has consented to suit or Congress has properly abrogated its immunity. S & M Brands, Inc. v. Cooper, 527 F.3d 500, 507 (6th Cir. 2008). Its protections apply to both states and state agencies. Henderson v. Sw. Tenn. Cmty. Coll., 282 F. Supp. 2d 804, 806 (W.D. Tenn. 2003).

TDOC is an arm of the state of Tennessee for purposes of Eleventh Amendment immunity. Owens v. O'Toole, No. 3:14-CV-02040, 2014 WL 5846733, at *3 (M.D. Tenn. Nov. 12, 2014); Green v. Daniel, No. 3:14-CV-01331, 2014 WL 4347624, at *3 (M.D. Tenn. Sept. 2, 2014). Congress did not abrogate the states' immunity in passing § 1981. Foulks v. Ohio Dep't. of Rehab. & Corr., 713 F.2d 1229, 1233 (6th Cir. 1983). Nor has Tennessee waived its Eleventh

8

Amendment immunity to suits under § 1981. Henderson, 282 F. Supp. 2d at 807. Accordingly, Primm's § 1981 claim against TDOC is barred by Eleventh Amendment immunity and must be dismissed.

### ii. § 1983 Claim

To allege a claim under § 1983, Primm must state facts sufficient to show that "a person acting under color of state law deprived [her] of a right secured by the Constitution or laws of the United States." Radvansky v. City of Olmsted Falls, 395 F.3d 291, 302 (6th Cir. 2005) (citation omitted). Primm alleges § 1983 liability against TDOC on grounds that its termination of her employment was in violation of her Fourteenth Amendment equal protection rights and that the failure of the Board of Appeals to timely set a hearing in her action and Lewis and Cladwell's refusal to let her call witnesses at her pre-termination hearing violated her due process protections. (Doc. No. 9, PageID# 74–75.) These claims must also be dismissed.

First, TDOC, as a state agency, is not a "person" for purposes of § 1983 liability. Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir. 1997). Second, Primm's § 1983 claims are barred by sovereign immunity. As with claims under § 1981, subject to two exceptions, "[t]he Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." Cady v. Arenac Cty., 574 F.3d 334, 342 (6th Cir. 2009) (citing Kentucky v. Graham, 473 U.S. 159, 169 (1985)). Congress has not abrogated states' immunity under § 1983, nor has Tennessee consented to be sued. Owens, 2014 WL 5846733, at *3.

Accordingly, Primm's remaining causes of action against TDOC under § 1983 cannot proceed.

### iii. Title VII Claim

9

Title VII of the Civil Rights Act of 1964 provides, in relevant part, that "it shall be an unlawful employment practice for an employer" to discharge any individual on the basis of race, color, religion, sex, or national origin. 42 U.S.C.§ 2000e-2(a)(1). Congress has specifically abrogated sovereign immunity to allow claims against state actors under Title VII. Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976); Johnson v. Univ. of Cincinnati, 215 F.3d 561, 571 (6th Cir. 2000).

To state a claim of employment discrimination under Title VII, Primm must allege facts sufficient to show that (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position at issue; and (4) treated differently from similarly situated employees outside the protected class. Tennial v. United Parcel Serv., Inc., 840 F.3d 292, 303 (6th Cir. 2016). TDOC does not dispute that Primm has alleged facts sufficient to meet the first three criteria. (Doc. No. 26, PageID# 145.) TDOC argues that Primm "has not alleged that similarly situated employees outside her protected class were treated more favorably than she." (Id.)

In the Amended Complaint, Primm alleges that two white male correctional officers, Lieutenant Markus Hornsby and Sergeant J.R. Miller, were arrested for similar offenses (and convicted, as apparently Primm was not) but not disciplined or fired under TDOC Policy 302.06 and DOHR Rule 11-20-10-103(11). (Doc. No. 9, PageID# 68–70, ¶¶ 51–62.) Primm alleges that Hornsby was arrested three times within 37 days for aggravated assault, domestic assault, and a violation of his conditions of release, but was not disciplined. (Id. at ¶¶ 51–54, 57, 60–61.) Primm alleges that Miller was arrested for driving under the influence and speeding in a state vehicle and refused to submit to a blood alcohol test, but was not disciplined, despite a recommendation from

10

Case 3:15-cv-00230 Document 35 Filed 03/31/17 Page 10 of 12 PageID #: 252

local TDOC personnel that his employment be terminated. (Id. at PageID# 69–70, ¶¶ 55, 58–60, 62.)

TDOC argues that these allegations are insufficient because Hornsby and Miller are not adequate comparators to raise an inference of discrimination from their disparate treatment. (Doc. No. 26, PageID# 147). Specifically, TDOC argues that "[Primm's] arrest involved her use of a firearm and the others' did not" and "[Primm] was charged with a felony while Mr. Hornsby and Mr. Miller were charged with misdemeanor offenses." (Id. at PageID# 146–47.) TDOC argues that the only viable comparators Primm could offer are employees who were not fired from state employment "after their appointing authorities received notice that such employees had been charged with aggravated assault involving a firearm" and whose "charges were sustained at the time of the Step II decision, either by admission of guilt, plea of no contest, finding of probably [sic] cause after a preliminary hearing or bind-over order, or final judgment following trial on the merits." (Id. at PageID# 147.)

TDOC argues, in essence, that the circumstances of any comparator Primm might offer must be identical to her own, up to the adverse employment decision. But Title VII "[does] not require a plaintiff to 'demonstrate an exact correlation with the employee receiving more favorable treatment in order for the two to be considered 'similarly situated;' rather, . . . the plaintiff and the employee with whom the plaintiff seeks to compare [herself] must be similar in 'all of the relevant aspects.'" Jackson v. VHS Detroit Receiving Hosp., Inc., 814 F.3d 769, 777 (6th Cir. 2016) (quoting Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998)); Tennial, 840 F.2d at 304 ("The nonprotected employee need not be identical in every way in order to be a proper comparator. Instead, the plaintiff must show that the comparator is similarly situated in all relevant respects and has engaged in acts of comparable seriousness.").

More importantly, "[w]hether individuals or entities are similarly situated is generally a question of fact for the jury." JDC Mgmt., LLC v. Reich, 644 F. Supp. 2d 905, 927 (W.D. Mich. 2009). At this stage of the proceedings, Primm does not need to prove that Hornsby and Miller are proper comparators. She need only allege sufficient "factual content" from which to draw the inference of discrimination on the basis of race or gender. Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012). She has done so in the Amended Complaint.

**IV. Conclusion**

For the foregoing reasons, TDOC's Motion to Dismiss (Doc. No. 25) will be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is granted as to all claims against TDOC except those made under Title VII.

The Court will **DIRECT** the Clerk to issue summons for Defendants Derrick Schofield, Jason Woodall, Tony Parker, Rebecca Hunter, Lisa Patton, Craig Raymer, Connie Johnson, J.R. Miller, Renee Cladwell, Debbie Inglis, Virginia Lewis, Barbara Clark, Bland Justis, James Hamilton, John Drummond, Steve Darnell, Marion Wall, and Kim Summers and serve each named Defendant a summons and a copy of the Complaint (Doc. No. 1) and Amended Complaint (Doc. No. 9).

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE